UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO:

WELLS FARGO BANK, N.A.,

    Plaintiff,

    v.

KEISHA RODRIGUEZ and
TNVC, INC.

    Defendants.
_____/

## COMPLAINT FOR INTERPLEADER

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned attorneys and pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1335 and 2361, sues Defendants, Keisha Rodriguez ("Rodriguez") and TNVC, Inc. ("TNVC") (Rodriguez and TNVC shall collectively be referred to herein as the "Claimant Defendants"), and states as follows:

## NATURE OF ACTION

1. This interpleader action arises out of a dispute between the Claimant Defendants concerning a September 23, 2021 wire transfer from TNVC to an account owned by Rodriguez.

129132895.1

2. The Claimant Defendants are alleging entitlement to and/or are refusing to release the wire proceeds presently being held and restrained in Rodriguez's account at Wells Fargo.

3. Wells Fargo, as a disinterested stakeholder, seeks to interplead the disputed, restrained funds into the Court Registry to allow the Claimant Defendants to litigate their respective claims to the restrained funds amongst themselves.

## PARTIES

4. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

5. Rodriguez is a resident and citizen of Florida. Furthermore, at the time of the wire transfer at issue, the address listed for Rodriguez on her restrained account at Wells Fargo was in Williston, Florida (Levy County).

6. TNVC is a California corporation with its principal place of business in Redlands, California. Accordingly, TNVC is a citizen of California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1335 and 2361, because there is diversity of citizenship between

Rodriguez and TNVC, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

8. Venue is appropriate in the Northern District of Florida pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District. More specifically, the funds at issue were wired to a Wells Fargo bank account with a customer/statement mailing address in Williston, Florida at the time of the subject wire transfers.

9. Venue is also appropriate in the Northern District of Florida, and this Court has jurisdiction over the parties, pursuant to 28 U.S.C. § 1335 and 2361, which grants district courts authority to issue nationwide service of process in statutory interpleader actions, and because at least one of the Claimant Defendants is a citizen of, and resides, in the state of Florida.

## FACTS COMMON TO ALL CLAIMS

10. At all times material hereto, Rodriguez maintained a Wells Fargo Everyday Checking Account (Account No. XXXXXX7143; the "Rodriguez Account").

11. On September 23, 2021, the Rodriguez Account received a wire transfer from TNVC in the amount of $174,180.00 (the "Wire"). Rodriguez then proceeded to use, withdraw, and transfer a portion of the Wire proceeds.

3

12. On September 24, 2021, TNVC reported to Wells Fargo that it was defrauded in connection with the Wire and requested a recall of the wire through its bank.

13. Wells Fargo thereafter restrained the Rodriguez Account, which currently contains a balance of **$169,014.10** (the "Restrained Proceeds").

14. Despite repeated requests, Rodriguez has refused to allow Wells Fargo to debit the Rodriguez Account and return the Restrained Proceeds to TNVC.

15. Accordingly, there is a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

16. Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Restrained Proceeds.

17. The relationship between Wells Fargo and Rodriguez relative to the Rodriguez Account is currently governed by the Wells Fargo Deposit Account Agreement, effective October 15, 2021, (the "Account Agreement"), a true and correct copy of which is attached hereto as **Exhibit A**.

18. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

19. Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to the Account Agreement and applicable law.

20. All conditions precedent to recovery have been performed, waived, or have occurred.

## COUNT I - INTERPLEADER

21. Wells Fargo repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Currently, there exist rival, adverse, and conflicting claims between the Claimant Defendants as to the Restrained Proceeds.

23. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

24. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit the Restrained Proceeds without the aid of this Court.

25. Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Wells Fargo Bank, N.A., respectfully requests the following relief:

A. That this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

B. That this Court issue an order requiring the Claimant Defendants in the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

C. That Wells Fargo and its predecessors, successors, subsidiaries, affiliates, holding company, agents, employees and servants be discharged from all liability to any of the parties to this action concerning Wells Fargo's obligations related to the Restrained Proceeds, the Wire, and the Rodriguez Account;

D. That the Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and its predecessors, successors, subsidiaries, affiliates, holding company, agents, employees and servants regarding the Restrained Proceeds, the Wire, the Rodriguez Account;

E. That Wells Fargo, pursuant to the Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

F. That Wells Fargo be dismissed as a party to this action; and

G. For such other and further relief as this Court deems just, equitable, and proper.

Dated: February 4, 2022

129132895.1

Respectfully submitted,

**FOX ROTHSCHILD, LLP**

By: */s/ Seth B. Burack*
Seth B. Burack (Fla. Bar. No. 68360)
sburack@foxrothschild.com
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, Florida 33401
Telephone: (561) 804-4418
Facsimile: (561) 835-9602

*Attorneys for Plaintiff, Wells Fargo Bank, N.A.*